```
                 IN THE UNITED STATES DISTRICT COURT

                 FOR THE MIDDLE DISTRICT OF ALABAMA

                         SOUTHERN DIVISION


UNITED STATES OF AMERICA

     vs.                         CASE NO.:  1:06cr171-MEF

HUGH EDWARD BLACK,

          Defendant.




                      *  *  *  *  *  *  *  *  *  *

                      CHANGE OF PLEA PROCEEDINGS

                      *  *  *  *  *  *  *  *  *  *

          BEFORE THE HONORABLE DELORES R. BOYD, UNITED STATES

MAGISTRATE JUDGE, at Montgomery, Alabama, on Wednesday, November

15, 2006, commencing at 12:00 p.m.

APPEARANCES:

FOR THE GOVERNMENT:       Ms. Susan R. Redmond
                          Assistant United States Attorney
                          OFFICE OF THE UNITED STATES ATTORNEY
                          131 Clayton Street
                          Montgomery, Alabama   36104

FOR THE DEFENDANT:        Mr. Kevin L. Butler, Attorney at Law
                          FEDERAL DEFENDERS
                          MIDDLE DISTRICT OF ALABAMA
                          201 Monroe Street, Suite 407
                          Montgomery, Alabama   36104

               Proceedings reported stenographically;
                  transcript produced by computer.
```

```
 1      (The following proceedings were heard before the Honorable
 2       Delores R. Boyd, United States Magistrate Judge, at
 3       Montgomery, Alabama, on Wednesday, November 15, 2006,
 4       commencing at 12:00 p.m.:)
 5          MR. BUTLER:  Your Honor, before beginning, I wanted to
 6  apologize.  I tried to move my case up before the judge I was
 7  at, and I couldn't get it moved forward.  So I'm sorry for the
 8  delay.
 9          THE COURT:  Thank you very much.  We begin this morning
10  with a scheduled Rule 11 proceeding for Hugh Edward Black,
11  United States versus Hugh Edward Black.  The case number is
12  06cr171.  Mr. Butler, the assistant federal defender, appears
13  with Mr. Black, and the United States is represented by Attorney
14  Susan Redmond.
15          Would you swear in the defendant, please.
16          THE CLERK:  Raise your right hand, Mr. Black.
17          You do solemnly swear or affirm that the testimony you
18  give in this cause will be the truth, the whole truth, and
19  nothing but the truth, so help you God.
20          THE DEFENDANT:  I do.
21          THE COURT:  Good morning, Mr. Black.
22          THE DEFENDANT:  Good morning, ma'am.
23          THE COURT:  Before I address you, let me address your
24  lawyer to be sure that he has advised you of your option to have
25  another judge handle this proceeding, a United States district
```

```
 1  judge, and if you have authorized this Court, after being so
 2  advised, to proceed.  Mr. Butler?
 3          MR. BUTLER:  I have, Your Honor, and we have signed and
 4  executed a consent-to-proceed form.
 5          THE COURT:  Thank you very much.  Mr. Black, you've
 6  been sworn to answer truthfully questions which will be posed to
 7  you today.  If any question just is not clear, please don't
 8  hesitate to ask the Court to rephrase sufficiently for you to
 9  understand.  All right, sir?
10          Would you state your age and the length of any formal
11  education you have had.
12          THE DEFENDANT:  Yes, ma'am.  My age is 57.  I have a
13  master's degree.
14          THE COURT:  Have you been treated recently for any
15  mental illness?
16          THE DEFENDANT:  Yes, ma'am.  I have posttraumatic
17  stress disorder.
18          THE COURT:  And tell me about the nature of your
19  treatment.  Has it been institutional treatment, medication
20  only, consultations with a professional, whatever?
21          THE DEFENDANT:  I have consultations four times a year,
22  I'm enrolled in the posttraumatic stress disorder program at the
23  Veterans Administration Hospital in Birmingham, and I am under
24  medication.  I take Prozac.
25          THE COURT:  All right.  Did you take your Prozac this
```

```
 1  morning?
 2          THE DEFENDANT:  Yes, ma'am.
 3          THE COURT:  And when you take Prozac, have you ever
 4  noticed any reaction which impairs your ability to hear, to
 5  understand, to reason?
 6          THE DEFENDANT:  No, ma'am.
 7          THE COURT:  All right.  And Mr. Butler, in your
 8  consultations with Mr. Black are you able to represent that you
 9  have not seen any or evidence of any impairment which would
10  cause us to delay this proceeding today?
11          MR. BUTLER:  None, Your Honor.  It is my position
12  Mr. Black is more than competent to proceed.
13          THE COURT:  Thank you.  Apart from the Prozac,
14  Mr. Black, you are not under the influence of any other kind of
15  drug or medication or alcoholic beverage?
16          THE DEFENDANT:  No, ma'am.
17          THE COURT:  All right.  The indictment in this case has
18  been outstanding for a while.  You have received a copy of that
19  indictment filed against you on July 11th of this year, correct?
20          THE DEFENDANT:  Yes, ma'am.
21          THE COURT:  And you've had enough time, have you not,
22  to review the written charges in that indictment with your
23  lawyer, the federal defender, Mr. Butler?
24          THE DEFENDANT:  Yes, ma'am.
25          THE COURT:  Are you fully satisfied with the counsel,
```

```
 1  representation, and advice given to you in this case by
 2  Mr. Butler?
 3          THE DEFENDANT:  Yes, ma'am.
 4          THE COURT:  And did you authorize him to confer with
 5  the lawyer for the United States in an effort to reach the plea
 6  agreement which is now before this Court?
 7          THE DEFENDANT:  Yes, ma'am.
 8          THE COURT:  Before you signed your name to the
 9  agreement, did you assure yourself that you understood its
10  provisions by either reading it yourself or also having it read
11  to you, explained, and discussed with you by your lawyer?
12          THE DEFENDANT:  Yes, ma'am, I fully understand.
13          THE COURT:  Thank you.  And you are here voluntarily
14  today, not because anyone has made a promise to you that's not
15  included in this plea agreement?
16          THE DEFENDANT:  Yes, ma'am.  No promises.
17          THE COURT:  All right.  Under the plea agreement, just
18  to be absolutely sure that you understand what you have agreed
19  to do, you have agreed to plead guilty to count one and to count
20  two of the indictment and to pay restitution in the amount of
21  $32,283 to the United States or to Karen Marie Black, as may be
22  requested at sentencing by the government.  Is that correct,
23  your understanding as well?
24          THE DEFENDANT:  Yes, ma'am.
25          THE COURT:  And in return for that, the government has
```

1  assured you of certain sentencing considerations.  First, let me
2  be sure that Mr. Butler talked with you about the fact that
3  there are United States sentencing guidelines that are
4  considered advisory but that the United States district judges
5  try to consider in setting the proper sentence.
6         THE DEFENDANT:  Yes, ma'am.  He did discuss that with
7  me.
8         THE COURT:  And he's told you, has he not, that he
9  really can't tell you precisely where you are going to fall on
10 those guidelines?  He can give you today his best judgment, but
11 not until the probation office does a complete background
12 investigation can he or the attorney for the United States or
13 this Court assure you exactly what the recommended guideline
14 is.  You understand that, don't you?
15        THE DEFENDANT:  Yes, ma'am.
16        THE COURT:  With that understanding, the government
17 tells you in this plea agreement that it will recommend and
18 agree that you should receive a two-level reduction in whatever
19 that guideline is simply because you're assuming responsibility
20 and that at sentencing you can expect the government to move for
21 another reduction of one level after deciding whether your
22 cooperation and your prompt acceptance of responsibility helps
23 them save their resources.  That's your understanding as well?
24        THE DEFENDANT:  That's my understanding, Your Honor.
25        THE COURT:  And additionally, the United States intends

```
 1  to recommend a sentence for you at the bottom of whatever
 2  sentencing guideline might apply.  Is that your understanding as
 3  well?
 4            THE DEFENDANT:  Yes, ma'am.
 5            THE COURT:  Now, this is a good time for me to be sure
 6  you understand that your plea agreement is being submitted to
 7  the Court under a rule of our Federal Rules of Criminal
 8  Procedure which will allow you to withdraw or take back the plea
 9  and go to trial if the assigned district judge does not go along
10  with what's recommended.  That's Rule 11(c)(1)(C).  Is that
11  clear to you too?
12            THE DEFENDANT:  Yes, ma'am.
13            THE COURT:  All right, then.  This written plea
14  agreement represents in its entirety all you can and should
15  expect from the United States.  In other words, there will not
16  be a verbal agreement that can be enforced, a side agreement
17  that can be enforced.  Is that clear?
18            THE DEFENDANT:  Yes, ma'am.
19            THE COURT:  You would be pleading guilty under this
20  plea agreement to what's considered a felony.  When you plead
21  guilty to a felony, understand that you will be deprived of some
22  rights that many people consider to be valuable civil rights,
23  such as the right to vote, the right to hold public office, the
24  right to serve on a jury, and the right to have in your
25  possession any kind of firearm.  Clear?
```

```
1              THE DEFENDANT:  Yes, ma'am.
2              THE COURT:  Count one of this indictment charges Social
3   Security fraud in violation of Title 42 of the United States
4   Code at Section 408(a)(5).  Here is the maximum penalty under
5   that statute:  not more than five years, not more than $250,000
6   or twice the gross gain to you as the defendant or twice the
7   gross loss to the victim in this case, not more than three years
8   on supervised release, and a $100 assessment fee.  The judge who
9   sentences you has the discretion to set a fine and to set a
10  prison term.
11             For count two, which charges you with making a false
12  statement, the maximum penalty is not more than five years, not
13  more than $250,000, not more than three years on supervised
14  release, and a $100 assessment fee.  Understood?
15             THE DEFENDANT:  Yes, ma'am.
16             THE COURT:  You are in federal court where there is no
17  longer a system of parole; so should you receive any time in
18  prison, understand that you would be expected to spend all of
19  that time.  Supervised release, which is a part of the maximum
20  penalty for both of these counts, is a time spent under strict
21  terms and conditions set for you by the probation office.  If
22  you violate any of those conditions, understand that you could
23  be given additional time in prison.  Is that clear too?
24             THE DEFENDANT:  Yes, ma'am.
25             THE COURT:  At page 5 of your plea agreement you are
```

```
 1  giving up the right to take an appeal from this Court to a
 2  higher court or to attack your conviction and sentence in this
 3  Court through a collateral means.  You understand that as well?
 4            THE DEFENDANT:  Yes, ma'am.
 5            THE COURT:  Right now you stand before the Court on a
 6  plea of not guilty, which means that you are presumed to be
 7  innocent.  And that means it is up to the United States to prove
 8  your guilt beyond a reasonable doubt at a trial by jury.  At
 9  such a jury trial, you would be present.  You would have the
10  right to the continuing assistance of a competent lawyer whether
11  or not you could afford to hire him.  You would have the right
12  to have your lawyer examine the witnesses who appear against
13  you.  And if you believe that there were witnesses you should
14  bring in, the court would accommodate that by summoning those
15  witnesses into court to testify.  But remember, you wouldn't
16  have to put on a single witness.  That's the burden of the
17  United States.  You would have the constitutional right to
18  testify yourself, but you would also have the constitutional
19  right not to testify.  And if you exercised that choice, the
20  United States would not be able to use that fact against you;
21  that is, to use against you your choice not to testify.
22            All of these rights are associated with a trial by
23  jury.  When you decide to plead guilty as you have decided today
24  and you do plead guilty, you will not have a trial by jury and,
25  of course, you will not have any of those rights I have just
```

```
 1  described.  That should be clear.  Correct, Mr. Black?
 2            THE DEFENDANT:  Yes, ma'am, that's correct.
 3            THE COURT:  This is an appropriate time for me to be
 4  sure you understand just what it is the United States would have
 5  to prove if your case proceeded to trial.  For the fraud, Social
 6  Security fraud indicted in count one, there are two things the
 7  United States would have to prove:  one, that you made a false
 8  statement and representation of a fact which is considered a
 9  material fact; two, that the material fact was used in order to
10  determine rights to get a Social Security payment.  Understood?
11            THE DEFENDANT:  Yes, ma'am.
12            THE COURT:  If the United States convicted you or tried
13  to convict you for making the false statement indicted in count
14  two, there are four elements to that offense; and the United
15  States would have to prove each and every one beyond a
16  reasonable doubt.  First, that you made and used a false writing
17  and document.  Two, that the writing and document contained a
18  materially false, fictitious, and fraudulent statement.  Third,
19  that the writing and document involved a matter within the
20  jurisdiction of the executive, legislative, and judicial branch
21  of the government of the United States.  And fourth, that the
22  defendant, you, Mr. Black, did so -- that is, you made the false
23  statement -- knowingly and willingly, knowing it to be a
24  materially false statement.  Is that clear?
25            THE DEFENDANT:  Yes, ma'am.
```

```
 1          THE COURT:  Now, before the Court can accept a change
 2   in your plea, it must receive from you sworn testimony which
 3   provides some basis for the Court to believe that the United
 4   States would in fact be able to prove each of those elements of
 5   the two offenses indicted against you.  You are charged with
 6   offenses occurring from on or about October 21, 2002, and
 7   continuing until December 21, 2004.  Let me hear from you first
 8   in your own words what it is you did that has you here to plead
 9   guilty.
10          THE DEFENDANT:  I made a false statement.
11          THE COURT:  To whom and what was the nature of the
12   statement?
13          THE DEFENDANT:  I made a false statement to the Social
14   Security Administration.
15          THE COURT:  Did that false statement have to do with
16   any payment of funds coming from Social Security?
17          THE DEFENDANT:  Yes, ma'am.
18          THE COURT:  And in particular, did you make a false
19   statement that entitled someone else to money that you received?
20          THE DEFENDANT:  Would you please repeat that, ma'am?
21          THE COURT:  Sure.  You made a false statement that
22   ended up getting money to you or to someone else?  Based on your
23   false statement, did you in fact receive a payment from Social
24   Security?
25          THE DEFENDANT:  Yes, ma'am.
```

```
 1         THE COURT:  And was that a payment that you were
 2  entitled to or somebody else was entitled to it?
 3         THE DEFENDANT:  Someone else.
 4         THE COURT:  Who was that person?
 5         THE DEFENDANT:  Karen Black.
 6         THE COURT:  All right.  So you made a false statement
 7  knowing that it was false?
 8         THE DEFENDANT:  Yes, ma'am.
 9         THE COURT:  As a result of your false statement, Social
10  Security made a check or other payment that should have gone to
11  Karen Black, and you got it?
12         THE DEFENDANT:  Yes, ma'am.
13         THE COURT:  And you knew that you were using that
14  payment for yourself?
15         THE DEFENDANT:  Yes, ma'am.
16         THE COURT:  Let me allow the United States, if it deems
17  necessary, to make any further inquiry.
18         MS. REDMOND:  Mr. Black, where were you living when you
19  made application for benefits for Karen Black to Social
20  Security?
21         THE DEFENDANT:  In Dothan, Alabama.
22         MS. REDMOND:  Within the Middle District of Alabama?
23         THE DEFENDANT:  Yes, ma'am.
24         MS. REDMOND:  And at some point did you move from
25  Dothan?
```

```
 1            THE DEFENDANT:  Yes, ma'am.
 2            MS. REDMOND:  All right.  And where did you move, sir?
 3            THE DEFENDANT:  To Chilton County, which is still where
 4   I live.
 5            MS. REDMOND:  All right.  And is that also within the
 6   Middle District of Alabama?
 7            THE DEFENDANT:  Yes, ma'am.
 8            MS. REDMOND:  All right.  And was it in Chilton County
 9   that you, in fact, made the false writing or document?
10            THE DEFENDANT:  No, ma'am.  It was in Houston County,
11   in Dothan.
12            MS. REDMOND:  Okay.  And was that between October 21st,
13   2002, and December 21st, 2004?
14            THE DEFENDANT:  Yes, ma'am.
15            MS. REDMOND:  All right.  And the monies that you
16   received, you used those monies for your own benefit?
17            THE DEFENDANT:  Yes, ma'am.
18            MS. REDMOND:  Okay.  Judge, I believe we're satisfied.
19            MR. BUTLER:  One additional thing.  Everything that
20   both the Court and the United States has just explained to you,
21   you did so knowingly and intelligently.  You were aware of what
22   you were doing.
23            THE DEFENDANT:  Yes, sir.  Yes, sir.
24            MR. BUTLER:  Thank you.  Nothing further.
25            THE COURT:  Thank you, Mr. Butler.  The Court can take
```

```
 1  judicial notice that a Social Security payment involves a matter
 2  within the jurisdiction of the government of the United States.
 3           Mr. Black, before I ask you to change your plea, if
 4  that's what you still want to do, let me be sure that you don't
 5  have any lingering question either about the plea agreement or
 6  about what has happened thus far today.
 7           THE DEFENDANT:  No, ma'am.  No questions.
 8           THE COURT:  All right, now.  Are you ready now, then,
 9  to enter a change in your plea to this two-count indictment?
10           THE DEFENDANT:  Yes, ma'am.
11           THE COURT:  How do you now plead?
12           THE DEFENDANT:  Plead guilty.
13           THE COURT:  Your guilty plea is now a part of the
14  record.  The Court is satisfied from your sworn testimony and
15  thus makes the following findings in your case.  The Court finds
16  that this defendant is fully competent and capable of entering
17  an informed plea.  The Court finds further that the defendant,
18  Hugh Edward Black, is aware of the nature of the charges pending
19  in this indictment and the consequences of the plea and that his
20  plea of guilty to both counts of this indictment is a knowing
21  plea, it is a voluntary plea, and it is a plea which is
22  supported by an independent basis in fact containing each of the
23  essential elements of the offenses charged in the indictment.
24  Therefore, to the extent of this Court's authority as a
25  magistrate judge, your plea, Mr. Black, is hereby accepted and
```

1  the Court refers you to the assigned district judge who will
2  review the plea and make a final judgment of your guilt.
3          What happens now is the preparation of a presentence
4  report by the probation office.  It will be in writing.  You
5  will be asked to give information for that report, which will
6  delve into your background more deeply.  You have the right to
7  insist that your lawyer be present at the time that you give
8  information for the report.  You and your lawyer will see the
9  report in writing.  If there is anything that needs to be
10 objected to, your lawyer will have the chance to file objections
11 and he will be heard on those objections by the district judge.
12 That judge will also give you an opportunity to speak for
13 yourself and to give your lawyer an opportunity to speak for
14 yourself before he actually sentences you.  Your sentencing will
15 be in about 70 days, maybe 90 days or thereabouts.  Your lawyer
16 will tell you precisely when.
17         Because you have now pled guilty to a felony, the Court
18 must decide your status pending sentencing.  You have been on
19 pretrial release since August 2, 2006.  And the Court is now
20 reviewing a status report, which advises that you have indeed
21 met all the conditions for your release; that you have been
22 compliant, causing no supervision problems; and therefore, it is
23 the recommendation of your probation officer that you be
24 continued on the same conditions previously imposed pending
25 sentencing.

```
 1            Does the United States wish to be heard?
 2            MS. REDMOND:  No, Your Honor.
 3            MR. BUTLER:  Your Honor, the defendant may.  May I have
 4  one moment?
 5       (Brief pause)
 6            MR. BUTLER:  Your Honor, I apologize.  Mr. Black is a
 7  truck driver by trade.  The conditions on his supervised release
 8  are such that he has been required to reside within the Middle
 9  District of Alabama.  As there have been no violations of his
10  supervised release and though I'm not trying to minimize his
11  conduct -- and because this isn't a crime of violence and/or a
12  controlled substance offense, we were wondering if the Court, on
13  an oral motion, would be willing to consider modifying his
14  conditions so as to allow him to drive a truck to support
15  himself.  He can't leave the Middle District as of right now.
16            THE COURT:  Where is your truck driving business?  That
17  is, where are you ordinarily traveling in pursuit of your
18  employment?
19            THE DEFENDANT:  I can probably pursue a job that would
20  limit me to the Southeast.  Florida, Georgia, Alabama.
21            THE COURT:  Since I've had you on pretrial release,
22  have you just limited your truck driving to in the state of
23  Alabama?
24            THE DEFENDANT:  I haven't worked, ma'am.
25            THE COURT:  All right.
```

1          MS. REDMOND:  Judge, if I may be heard.  At the time
2   that the indictment was returned and arraignment was held, there
3   was no indication that the defendant was a truck driver at that
4   point.  He had had a job as a caretaker, for lack of a better,
5   for a business property.  So this is the first that the
6   government has even heard that he is now a truck driver.
7          MR. BUTLER:  And I am -- this was raised to me about
8   three weeks into my representation of him.  The government is
9   accurate.  This isn't a skill that he does, but he would like to
10  pursue to gain -- I mean to garner income while sentencing is
11  pending.
12         THE COURT:  The Court is reticent to authorize this
13  without --
14         MR. BUTLER:  I understand.
15         THE COURT:  -- the probation officer having an
16  opportunity to sit with Mr. Black, getting a clear
17  understanding --
18         MR. BUTLER:  Yes, ma'am.
19         THE COURT:  -- on whether he would be on his own,
20  whether he would be working with a company.  So Mr. Butler, you
21  may have him confer with the probation officer after this
22  proceeding.  Right now the Court, unless there is objection from
23  the United States, will allow you to be released on the same
24  conditions set for you August 2 and will consider any
25  modification upon a report from the probation officer.  Now,

```
 1  Ms. Thompson isn't here, but we do have representatives of the
 2  probation officer available.  And you can take that matter up
 3  with Ms. Thompson, your assigned officer, afterwards.
 4         MR. BUTLER:  Thank you, Your Honor.
 5         THE COURT:  All right, then.  The Court, after
 6  considering the available evidence that the defendant is not
 7  likely to flee or pose a danger to the safety of any person or
 8  the community, hereby orders that he be released and continued
 9  under the same conditions imposed on August 2, 2006.
10         MR. BUTLER:  Yes, Your Honor.
11         THE COURT:  Thank you.  Anything else for Mr. Black?
12         MR. BUTLER:  No, Your Honor.
13         THE COURT:  All right.  Thank you.
14         MS. REDMOND:  Judge, that's all I have before the Court
15  this afternoon.  May I be excused?
16         THE COURT:  Yes.  Thank you, Ms. Redmond.
17         MS. REDMOND:  Thank you.
18    (Proceedings concluded at 12:25 p.m.)
19                   * * * * * * * * * *
20
21
22
23
24
25
```

```
 1                      TRANSCRIBER'S CERTIFICATE
 2          I certify that the foregoing is a true and correct
 3   transcript, to the best of my ability, from the stenographic
 4   notes provided to me by Official Court Reporter James R.
 5   Dickens.
 6          This 23rd day of May, 2008.
 7
 8                                  /s/ Risa L. Entrekin
                                    Registered Diplomate Reporter
 9                                  Certified Realtime Reporter
                                    Official Court Reporter
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```